John W. Harrison v. Commissioner. Clifford F. Harrison v. Commissioner.
John W. Harrison v. Commissioner
Docket Nos. 34433, 34434.
United States Tax Court
1952 Tax Ct. Memo LEXIS 70; 11 T.C.M. (CCH) 1000; T.C.M. (RIA) 52295; October 8, 1952
*70 Martin A. Rosenberg, Esq., 1724 Arcade Bldg., St. Louis, Mo., for the petitioners. William B. Springer, Esq., for the respondent. TURNER Memorandum Opinion TURNER, Judge: The respondent has determined a deficiency in income tax of $42,521.64 and an addition to tax for fraud of $21,260.84 against John W. Harrison for 1946; and a deficiency in income tax of $26,318.78 and an addition to tax for fraud of $13,159.39 against Clifford F. Harrison for the same year. The question presented for determination in each case was whether or not over-ceiling payments made by Harrison Lumber and Hardware Company, a partnership composed of the petitioners, for lumber and building materials constituted a part of the cost of goods sold. John W. Harrison is an individual, residing in University City, Missouri. Clifford F. Harrison is an individual, residing in St. Louis, Missouri. They filed their income tax returns for the year 1946 with the collector of internal revenue for the first district of Missouri. The facts have been stipulated and are found as stipulated. During 1946 the petitioners were the sole partners in a partnership doing business in St. Louis, under the name *71 of Harrison Lumber and Hardware Company, which was organized on April 1, 1940. John W. Harrison owned a twenty-two thirty-fifths interest and Clifford F. Harrison a thirteen thirty-fifths interest in the partnership. The partnership was engaged in the business of selling lumber and building materials. During 1946 the partnership paid to Trinity Mill and Lumber Company, of Dallas, Texas, for lumber purchased, an aggregate of $21,444.59 in excess of Office of Price Administration prices in effect at the time of the purchase. The over-ceiling payments were hidden by false entries on invoices for lumber which were rendered by the vendor and paid by the partnership. On the partnership return for 1946, the $21,444.59 was deducted from gross receipts in arriving at gross profits. During 1946 the partnership paid to W. J. Becher and/or Becher Lumber Company, of St. Louis, Missouri, for lumber purchased, an aggregate of $7,839.97 in excess of Office of Price Administration prices in effect at the time of the purchases. The excess so paid was charged on the books of the partnership, $925.34 to the merchandise purchased account; $981.34 to the freight on merchandise account; and $5,933.29 *72 to the administrative and general office expenses account, under the designation of buying expense. On the partnership return for 1946, the $7,839.97 paid for lumber in excess of Office of Price Administration prices was deducted from gross receipts in arriving at gross profits. During 1946 the partnership paid to Edward J. Sherman Lumber Sales Company and/or Edward J. Sherman, of Portland, Oregon, for lumber purchased, an aggregate of $19,300 in excess of Office of Price Administration prices in effect at the time of purchases. On the partnership return for 1946, the total amount of $19,300 mentioned was deducted from gross receipts in arriving at gross profits. During 1946 the partnership paid to Horne Lumber Company, of Sparkman, Arkansas, for lumber purchased, an aggregate of $6,494.74 in excess of Office of Price Administration prices in effect at the time of the purchases, which amount was charged on the partnership books to administration and general office expenses, under the designation of buying expenses, and on the partnership return for that year the said amount was deducted from gross receipts in arriving at gross profits. Also during 1946, the partnership paid *73 to the Hi-Lo Company and/or W. F. Wilsdorf, of St. Louis, for lumber purchased, an aggregate of $2,020.14 in excess of Office of Price Administration prices in effect at the time of the purchases, and charged that amount on its books to administration and general office expenses, under the designation of buying expense. On the partnership return for 1946, the amount was deducted from gross receipts in arriving at gross profits. In making all of the purchases set forth above, the partners were aware at the time the purchases were made that the partnership was paying amounts in excess of O.P.A. ceiling prices. In 1946, John W. Harrison had unexplained and unreported income in the amount of $6,507.80. For the same year, Clifford F. Harrison had unexplained and unreported income of $6,552.08. In his determination of the deficiencies herein, the respondent added back to gross profits of the partnership the amounts representing the excess paid for lumber over the O.P.A. ceiling prices. He also increased the partnership income by $26,161.45, as being unexplained income received. In the case of John W. Harrison, the following designated amounts were added to income: Interest received, *74 $97.38; Rent income, $71.89; and Sales tax, $397. In the case of Clifford F. Harrison, he added to income the following designated amounts: Interest received, $24,67; Dividends, $332.25; and Capital gains, $588.45. At the trial, the amounts of unexplained income received by each of the partners were stipulated as set forth above, and the issues as to all other items, except that involving the over-ceiling prices paid for lumber, were conceded. The petitioners also conceded that the deficiencies as finally determined were due to fraud with intent to evade tax. After the trial herein, the only question remaining was whether or not amounts paid for lumber by the partnership in excess of O.P.A. prices constituted a part of the cost of goods sold. The petitioners rested their case on the decision of this Court in , which case is directly in point and supports the position taken by the petitioners. On September 12, 1952, the respondent communicated his acquiescence in the Lela Sullenger decision and conceded that the amounts paid by the partnership for lumber in excess of O.P.A. ceiling prices "are deductible." Decisions will be entered under *75 Rule 50.